**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:13-cv-128-MHT-PWG** |
| | ) | |
| **DOLGENCORP, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

On July 11, 2014, the court entered judgment in favor of Defendant and dismissed all of Plaintiff's claims. (Doc. 36). Shortly thereafter, Plaintiff filed a motion to alter, amend, or vacate the judgment under Federal Rule of Civil Procedure 59(e), asserting that the court had committed several "manifest errors of law or fact." (Doc. 37). On November 25, 2014, Judge Myron H. Thompson referred the matter to the Magistrate Judge for consideration and recommendation. (Doc. 41) *See also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; *United States v. Raddatz,* 447 U.S. 667, 100 (1980); *Jefferey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## I. STANDARD OF REVIEW

"In the Eleventh Circuit, the only grounds for granting a Rule 59 motion are

newly discovered evidence, an intervening change in controlling law, or the need to correct clear error or manifest injustice." *Hammonds v. Sharp*, No. 1:05-CV-831-WKW, 2015 WL 1346829 at *1 (M.D. Ala. Mar. 24, 2015) (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007); *Am. Tower, L.P. v. City of Huntsville, Ala.,* No. CV–99–B–2933–NE, 2000 WL 34017802, at * 25 (N.D. Ala. Sept. 29, 2000)). "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.* (citing *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294 (M.D. Fla.1993)). "Rule 59 does not give dissatisfied parties the chance to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005). "The court has considerable discretion to entertain such a motion, but 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Daughtry v. Army Fleet Support, LLC*, No. 1:11CV153-MHT, 2014 WL 466100 at *1 (M.D. Ala. Feb. 5, 2014) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1).

## II. BACKGROUND

Plaintiff filed her complaint on February 28, 2013, in which she raised

allegations under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, and the Family and Medical Leave Act ("FMLA").  (Doc. 1). Plaintiff's claims arose from the termination of her employment shortly after her return from FMLA leave.  (*Id.* at p. 5).  Prior to her termination, Plaintiff worked for Defendant as a Store Manager.  (*Id.* at p. 3).  Plaintiff took two FMLA-qualifying leaves: one for the birth of her child and the second for breast cancer treatment.  (*Id.* at pp. 3-4).

No motions were filed until after the close of discovery, when Defendant moved for summary judgment.  In that motion, Defendant argued that Plaintiff was not terminated for any reason related to her leave, but rather because she had either falsified records related to employee training or had required the employees under her supervision to work on their days off without compensation in order to complete the training.  (Doc. 21 at p. 2).  Defendant became aware of this information after Plaintiff's supervisor, Molly Gomillion made a visit to Plaintiff's store due to a robbery that occurred shortly after Plaintiff's leave began.  (Doc. 22 at p. 4).  During the visit, Ms. Gomillion, asked the employees to confirm that they had received robbery prevention training.  (*Id.*)  Two employees said they had not received the training, and one provided a written statement to that effect.  (*Id.*)  When investigating whether the employees had taken the training course, it was discovered

that the employees were not scheduled to work and did not clock in on the days their training was completed in the system. (*Id.* at pp. 5-6).

U.S. District Judge Mark Fuller granted summary judgment on all counts in favor of Defendant. (Doc. 35). Plaintiff now challenges that decision under Fed. R. Civ. P. 59, alleging "manifest errors of law or fact." (Doc. 37).

## III. ANALYSIS

The Plaintiff assigns three "manifest errors" in the court's reasoning regarding her FMLA claim: (1) that the court ignored evidence Plaintiff presented that disputed her termination for falsifying records; (2) that the court incorrectly equated the burden of proof for an affirmative defense under the FMLA to the defendant's burden of production under the ADA; and (3) that the court conflated the pretext analysis of an ADA claim with the causal element of a prima facie FMLA case. The arguments are addressed in turn.

### A. Plaintiff's Evidence Regarding Her Termination

Plaintiff argues that the court failed to properly credit some of the evidence she put forth. (Doc. 37 at pp. 9-15). Before reviewing the specific evidence Plaintiff cites, it is worth noting that

> Manifest error does not mean that one does not like the outcome of a case, or that one believes the court did not properly weigh the evidence. *See Hutchinson v. Staton,* 994 F.2d 1076, 1082 (4th Cir. 1993) (noting

> that "mere disagreement does not support a Rule 59(e) motion"). Rather, manifest error is an "error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Error, Black's Law Dictionary (9th ed. 2009). [Plaintiff] has offered nothing even to suggest any error of this magnitude; he simply believes this court got it wrong the first time. Any litigant who so believes may, of course, seek appellate review. But such a litigant will find no relief under Rule 59(e).

*Daughtry* 2014 WL 466100 at *2.

The evidence that Plaintiff asserts was not properly credited by the court consists of Plaintiff's denial that she took computer-based training for employees; Defendant's termination records; an email from her direct supervisor, Ms. Gomillion, to Human Resources; a hearing on Defendant's appeal of Plaintiff's unemployment compensation application; and the lack of evidence that Plaintiff's employees had to later take the training that she was accused of falsifying. (*Id.*) Plaintiff also asserts that the court impermissibly "drew inferences from the disputed evidence in favor of the Defendant" when analyzing her ADA claim. (*Id.* at p. 15).

It is, however, readily apparent that Judge Fuller did consider Plaintiff's evidence in a light most favorable to her.[1] (Doc. 35 at p. 6-19). As the court found, it is undisputed that allowing employees to work off the clock is a legitimate ground for termination. (*Id.* at p. 7). This is one of the reasons listed as the basis for

[1] Notwithstanding that, the undersigned has considered the evidence and reaches the same conclusion under the standard applicable to Rule 59(e).

Plaintiff's termination. (*Id.* at p. 8). Because this is one of the grounds of termination, it is impossible to reach any other conclusion than that the reason for Plaintiff's termination was unrelated to both her ADA disability and the use of FMLA leave.

Plaintiff also, however, contends that allowing employees to work off the clock was not the actual reason for her termination[2] and that the second reason given, falsifying employee records, did not occur. (Doc. 37 at pp. 7, 10). She faults the court for not accepting that these arguments create a genuine issue of material fact. (*Id.* at 10). But the court is not required to accept an argument made by Plaintiff. It is undisputed that the employee records reflect that they took computer training on days they were not scheduled to work. (Doc. 35 at pp. 6-7). Either these records were falsified or the employees actually took the training on those days and were not compensated for the time they worked. No other reason for the inconsistency as supported by uncontested evidence has been proffered by either party. Either of these causes is a legitimate grounds for termination. There is no other factual alternative but to find that one of those events occurred and that, as a result, Plaintiff's

[2] Plaintiff contends that "Ms. Gomillion conceded it [working associates off the clock] was not a reason for termination." (Doc. 37 at p. 15). However, Judge Fuller specifically found that Ms. Gomillion did *not* reach that conclusion during the deposition cited by Plaintiff and that she instead clarified later in her deposition that she listed both reasons on Plaintiff's personnel action form because Plaintiff admitted to having the employees come in on their days off to take the training and that she mistakenly believed they would be compensated despite not clocking in. (Doc. 35 at p. 13).

termination did not violate the ADA or the FMLA.

Plaintiff argues that her supervisor, Ms. Gomillion, admitted that working employees off the clock was not the reason for her termination. (Doc. 37 at p. 10). However, Judge Fuller had previously examined the deposition cited by Plaintiff in support of this argument and found that Ms. Gomillion later clarified, in the same deposition, that Plaintiff was terminated for both reasons and that working employees off the clock was added because Plaintiff admitted as much to her. (Doc. 35 at p. 13). Furthermore, Plaintiff's argument that her employees did not accuse her of working them off the clock (Doc. 37 at p. 9) is irrelevant to the finding that Defendant believed that she had done so based on an independent review of employee records. Similarly, the *lack* of evidence that employees did or did not take the training later is irrelevant. Evidence of subsequent remediation is not a required showing for Defendant and does not create a factual dispute. The evidence regarding the unemployment hearing does not foreclose the court's finding that the statutes are not violated. The court is not required to follow the findings of the unemployment hearing officer, particularly when the question at issue in that proceeding was distinct from the questions before the court.

Finally, the email from Ms. Gomillion does not require the court to reach a different outcome. As Judge Fuller discussed at length (Doc. 35 at p. 12-14), the fact

that Ms. Gomillion expressed frustration with Plaintiff at the outset of her FMLA leave does not necessitate a finding that her ultimate termination was related to that leave or her ADA status. The undisputed facts are that the investigation leading to Plaintiff's termination arose as a result of a robbery at Plaintiff's store. (*Id.* at p. 6). As might be expected, Ms. Gomillion inquired about relevant robbery prevention training and learned that several employees had not taken that computer-based training module. (*Id.*) Once that came to light, additional investigation revealed that the employees' records were suspect, particularly when compared to their payroll records. (*Id.*) Nothing related to the discovery of this discrepancy suggests a relationship to Plaintiff's FMLA leave or ADA disability.

In short, Plaintiff's arguments regarding the court's failure to consider her facts and draw inferences in her favor amount to little more than a disagreement with the outcome and the discussion of the evidence, which is not a "manifest error." *Daughtry*, 2014 WL 466100 at *2.

**B. Defendant's Burden Under the FMLA**

Plaintiff also argues that, because the court found that "[f]or the same reasons that Thomas has failed to created a genuine issue of pretext for her ADA claims, Thomas's FMLA interference claims fails because Dollar General had a reason for terminating her unrelated to her FMLA leave," (Doc. 35 at p. 21), "[t]he court

committed a manifest error of law by equating the burden of proof an employer bears in carrying an affirmative defense to an FMLA claims to the burden of production applicable to an employer ... under the ADA." (Doc. 37 at pp. 4-5). However, a reliance on the same facts does not reflect a confusion of the burden.

A defendant bears the burden of proof for an affirmative defense under the FMLA. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). This includes for the affirmative defense of lawful reasons for termination. *Wright v. Sandestin Invs., LLC*, 914 F. Supp. 2d 1273, 1278 (N.D. Fla. 2012) (quoting *Spakes v. Broward Cnty. Sheriff's Office*, 631 F.3d 1307, 1301 (11th Cir. 2011)). Judge Fuller's opinion does not indicate that it disregarded Defendant's burden in finding that the Plaintiff presented no genuine issue of material fact in support of her FMLA interference claim. As Judge Fuller correctly noted, "if an employer can show that it would have discharged the employee had she not been on FMLA leave, then the employer can deny the employee's right to reinstatement." (Doc. 35 at p. 21 (citing *Strickland v. Water Works & Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1208 (11th Cir. 2001)). Even the Plaintiff conceded this point. (Doc. 37 at p. 6 (also citing *Strickland*)).

The fact that the court's reasoning in reaching the conclusion that Defendant met this burden tracks the reasoning already set out in the opinion does not render the

holding any less accurate for the purposes of the FMLA. Instead, the court merely condensed the reasoning and avoided redundance by referencing a thorough, reasoned analysis rather than setting it out a second time. As Defendant correctly pointed out, this is hardly a novel method in the Eleventh Circuit. *See*, *e.g.*,*Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001) ("For the same reasons that we concluded that Wascura failed to present evidence from which a reasonable jury could find that the City's proffered reasons for her termination were pretextual with respect to her ADA claim, we conclude that Wascura failed to present evidence from which a reasonable jury could find any causal connection between Wascura's notice ...of her potential need to take time off to care for her son and her subsequent termination.... Aside from the temporal proximity, Wascura introduced virtually no evidence of a causal connection.")

Additionally, the court summarized its reasoning as it applies to the FMLA immediately following the reference that Plaintiff faults in her motion. The court explicitly explained that "[t]he fact that Gomillion's investigation into Thomas's misconduct occurred while Thomas was on FMLA leave does not implicate the FMLA since the reasons for Thomas's termination were unrelated to her FMLA leave." (Doc. 35 at p. 21). The reasoning leading the court to reach the conclusion that "the reasons for Plaintiff's termination were unrelated to her FMLA leave,"

however, is explained in detail in the court's analysis of her termination in light of the ADA. (*Id.* at pp. 7-19). There was no need for the court to spend several additional pages explaining what had been thoroughly explained in order to state that the termination was unrelated to *both* the ADA-qualifying disability and the FMLA leave.

Finally, the fact that a defendant's burden under the ADA may be "exceedingly light" does not preclude Defendant here from meeting both the "exceeding light" ADA burden and the more onerous FMLA burden of proving an affirmative defense. The two burdens are not mutually exclusive, particularly as they relate to the facts underlying each. Defendant correctly explained that the distinction between an affirmative defense under the FMLA and Defendant's burden under the ADA does not change the application of the summary judgment standard to the facts of the case. Where, as here, the same facts lead to a conclusion that Defendant demonstrated that Plaintiff was terminated for a reason unrelated to any disability or FMLA leave, there is no genuine issue of material fact as to both the ADA and the FMLA claims and summary judgment is due to be granted in Defendant's favor.

**C. The Prima Facie FMLA Case**

Plaintiff's final argument is that the court incorrectly equated the pretext analysis of an ADA claim with the causal element of a prima facie FMLA case. (Doc.

37 at pp. 15-17). Judge Fuller reached the correct conclusion on this issue. However, in doing so, he seems to have merged his analysis of the prima facie case with an analysis of pretext. Each is required in order to to fully discuss the issue. As a result, his decision need not be disturbed.

To state a prima facie case of FMLA retaliation, the Plaintiff must show "that (1) she engaged in activity protected by the FMLA, (2) she suffered an adverse employment decision, and (3) the adverse decision was causally related to the protected activity." *Caldwell v. Clayton Cnty. School Dist.*, No. 14-13343, — F. App'x —, 2015 WL 1285778 at *4 (11th Cir. Mar. 23, 2015) (citations omitted). The court found that of these three elements, only the third was lacking. (Doc. 35 at p. 22). However, it has long been established in the Eleventh Circuit that "[c]lose temporal proximity between the protected conduct and the adverse action generally is sufficient to establish a causal connection." *Id.* at *5 (citing *Hurlburt v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006)). Plaintiff was terminated within a month of returning from FMLA leave and was placed on suspension immediately upon her return. (Doc. 35 at pp. 7-8; Doc. 25 at p. 10). Such close temporal proximity is certainly sufficient to establish a causal connection and meet the third prong of the prima facie case.

However, the inquiry does not end there. Once a Plaintiff establishes a prima

facie case, the burden shifts to the Defendant to "articulate a legitimate, non-discriminatory reason for the adverse employment action." *Caldwell*, 2015 WL 1285778 at *4 (citing *Martin v. Brevard Cnty. Pub. Schs.*, 543 F.3d 1261, 1268 (11th Cir. 2008)). In this case, Defendant articulated that Plaintiff was terminated "for falsifying documents and working associates off the clock." (Doc. 35 at p. 8). Additionally, the inquiry that led to this determination arose out of a visit to Plaintiff's store after it was robbed. (*Id.* at p. 6). While Plaintiff continues to contest that she falsified documents, (Doc. 37 at p. 9), it is undisputed that working associates off the clock is a legitimate grounds for termination (Doc. 35 at p. 7). Accordingly, Defendant has met its burden.

Once the defendant articulates a legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to the plaintiff, who "must demonstrate that the employer's reason was actually a pretext for discrimination." *Caldwell*, 2015 WL 1285778 at *4 (citing *Martin*, 543 F.3d at 1268). Plaintiff has made no such showing and instead has only contested that she falsified the employees' records. She has offered no evidence to contest that she worked employees off the clock[3] or that doing so is anything but a legitimate, non-

[3] Plaintiff has argued that she did not know that the employees would not automatically be clocked in by taking the training sessions on the store's computers. However, this apparent misunderstanding does not change the fact that the action was a legitimate reason for her termination.

discriminatory reason for termination. Plaintiff has not met her burden of establishing pretext. Summary judgment was appropriately granted in favor of Defendant.

## IV. CONCLUSION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Alter, Amend and Vacate (Doc. 37) be **DENIED**.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **June 23, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 9th day of June, 2015.

/s/ Paul W. Greene
United States Magistrate Judge